Case 1:19-cr-20442-FAM Document 13 Entered on FLSD Docket 07/19/2019 Page 1 of 9

Filed by ___ YH ___ D.C.

Jul 18, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20442-CR-MORENO/LOUIS**

18 U.S.C. § 371
22 U.S.C. § 2778

UNITED STATES OF AMERICA

vs.

BRUNELLA ZUPPONE, and
JOHN JAMES PETERSON,

     Defendants.
_____/

## INDICTMENT

The Grand Jury charges:

### GENERAL ALLEGATIONS

At all times material to this Indictment:

### The Statutes and Regulations

1. In furtherance of the national security and foreign policy interests of the United States, the Arms Export Control Act ("the Act"), Title 22, United States Code, Section 2778, authorizes the President of the United States to control the export of "defense articles" from the United States. The Act required that defense articles may only be exported after obtaining a license in accordance with the Act and regulations issued under it. 22 U.S.C. § 2778(b)(2).

2. The regulations promulgated pursuant to the Act, known as the International Traffic in Arms Regulations ("ITAR"), defined exporting to include, among other things, "[s]ending or taking a defense article out of the United States in any manner." 22 C.F.R. § 120.17.

3. The ITAR defined a defense article as any item on the United States Munitions List

("USML"). The USML set forth 21 categories of defense articles subject to export licensing controls by the United States Department of State's Directorate of Defense Trade Controls ("DDTC"). 22 C.F.R. § 121.1.

4. No defense article could be exported or otherwise transferred from the United States to a foreign country without prior license or written approval from DDTC. 22 C.F.R. §§ 123.1(a), 127.1(a)(1). The ITAR also prohibited re-exports, transfers, transshipments, and diversions from foreign countries of previously exported defense articles without United States Department of State authorization. 22 C.F.R. § 123.9(a).

### The Defense Articles

5. The following parts for the AR-15 assault rifle were defense articles designated on the USML in Category I, and could not be exported from the United States without a license or written approval from DDTC: upper receivers, lower receivers, and trigger kits. Neither **BRUNELLA ZUPPONE (ZUPPONE)** nor **JOHN JAMES PETERSON (PETERSON)** ever obtained a license from DDTC to export any parts for AR-15 assault rifles.

### COUNT 1

1. Paragraphs 1 through 5 of the General Allegations are restated and re-alleged as if fully set forth herein.

2. From in or around February 2016, through on or about November 8, 2018, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**BRUNELLA ZUPPONE,**
**and**
**JOHN JAMES PETERSON,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with other persons known to the Grand Jury, to commit offenses against the United States, namely, to knowingly and willfully export and cause the export of defense articles from the United States to a place outside thereof, without having first obtained a license or written approval from DDTC, in violation of Title 22, United States Code, Section 2778, and Title 22, Code of Federal Regulations, Sections 121.1, 123.1, and 127.1.

### Purpose of the Conspiracy

3.      It was the purpose of the conspiracy for the defendants and their co-conspirators to obtain in the United States defense articles, including various parts for the AR-15 assault rifle, and to illegally export them, to a place outside the United States, that is, the Republic of Argentina, without obtaining the necessary export license or written approval from the DDTC.

### Manner and Means

4.      The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

a.      **ZUPPONE** and **PETERSON** and their co-conspirators obtained in the United States numerous defense articles including AR-15 assault rifle parts, with the intent to export them without obtaining the required licenses and approvals.

b.      **ZUPPONE** and **PETERSON** and their co-conspirators arranged and attempted to arrange the smuggling to the Republic of Argentina of defense articles, including the AR-15 assault rifle parts, falsely labeling the contents.

c.      **ZUPPONE** and **PETERSON** and their co-conspirators undertook these activities willfully and without obtaining the required licenses and approvals from DDTC.

## Overt Acts

5. In furtherance of the conspiracy and to effect its purpose and object, at least one of the co-conspirators committed, and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts:

a. On or about October 8, 2018, **ZUPPONE** and **PETERSON** delivered to a U.S. Post Office facility in Florida two shipments containing numerous parts for AR-15 assault rifles for export outside the United States, which were seized while transiting through a U.S. Mail facility in Miami-Dade County.

b. On or about October 25, 2018, **ZUPPONE** and **PETERSON** delivered to a U.S. Post Office facility in Florida two shipments containing numerous parts for AR-15 assault rifles for export outside the United States, which were seized while transiting through a U.S. Mail facility in Miami-Dade County.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

On or about October 8, 2018, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**BRUNELLA ZUPPONE,**
**and**
**JOHN JAMES PETERSON,**

did knowingly and willfully attempt to export defense articles, namely, approximately twenty (20) upper receivers and forty (40) lower receivers for AR-15 assault rifles, from the United States to a place outside thereof, that is, Argentina, without having first obtained a license or written approval from the United States Department of State, Directorate of Defense Trade Controls, in violation of

Title 22, United States Code, Section 2778(c), Title 22, Code of Federal Regulations, Sections 121.1, and 127.1(a)(1); and Title 18 United States Code, Section 2.

### COUNT 3

On or about October 25, 2018, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**BRUNELLA ZUPPONE,**
**and**
**JOHN JAMES PETERSON,**

did knowingly and willfully attempt to export defense articles, namely, approximately forty (40) trigger kits with pistol grips for AR-15 assault rifles, from the United States to a place outside thereof, that is, Argentina, without having first obtained a license or written approval from the United States Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Section 2778(c), Title 22, Code of Federal Regulations, Sections 121.1, and 127.1(a)(1); and Title 18 United States Code, Section 2.

### FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of property in which the defendants have an interest.

2. Upon conviction of a violation of Title 22, United States Code, Section 2778, as alleged in Counts 2 and 3 of this Indictment, or any conspiracy to commit such violation, as alleged in Count 1, the defendant, **BRUNELLA ZUPPONE** and **JOHN JAMES PETERSON,** shall forfeit to the United States (1) any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section

981(a)(1)(C), and (2) all arms or munitions of war and other articles that are intended to be or are being or have been exported or removed from the United States, and any vessel, vehicle and aircraft containing the same which has been or is being used in exporting or attempting to export the same, pursuant to Title 22, United States Code, Section 401.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 22, United States Code, Section 401, and the procedures set forth at Title 21, United States Code, Section 853, as made applicable by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
RICARDO A. DEL TORO
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

BRUNELLA ZUPPONE, and
JOHN JAMES PETERSON,
    Defendants.
_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) Yes ____ No ____
Number of New Defendants ____
Total number of counts ____

**Court Division:** (Select One)

Miami __X__   Key West ____
FTL ____   WPB ____   FTP ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   Yes
   List language and/or dialect   Portuguese

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)      (Check only one)

   I   0 to 5 days   __X__    Petty   ____
   II   6 to 10 days   ____    Minor   ____
   III   11 to 20 days   ____    Misdem.   ____
   IV   21 to 60 days   ____    Felony   __X__
   V   61 days and over   ____

6. Has this case been previously filed in this District Court?   No   (Yes or No)
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   Yes   (Yes or No)
   If yes:
   Magistrate Case Nos.   19-mj-03034-LMR (Zuppone and Peterson)
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case?   No   (Yes or No)

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____Yes __X__ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____Yes __X__ No

_____
RICARDO A. DEL TORO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.957585

Penalty Sheet(s) attached                     REV 4/8/08

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** BRUNELLA ZUPPONE

**Case No:** _____

Count#: 1

Conspiracy to Violate AECA

Title 18, United States Code, Section 371

**\* Max. Penalty:** 5 Years' Imprisonment

Count#: 2-3

Attempted Violation of AECA

Title 22, United States Code, Section 2778(c)

**\*Max. Penalty:** 20 Years' Imprisonment

Count#:




**\*Max. Penalty:**

Count#:




**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** JOHN JAMES PETERSON

**Case No:** _____

Count#: 1

Conspiracy to Violate AECA

Title 18, United States Code, Section 371

**\* Max. Penalty:** 5 Years' Imprisonment

Count#: 2-3

Attempted Violation of AECA

Title 22, United States Code, Section 2778(c)

**\*Max. Penalty:** 20 Years' Imprisonment

Count#:

**\*Max. Penalty:**

Count#:

**\*Max. Penalty:**

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable