UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20442-CR-MORENO/LOUIS**

**UNITED STATES OF AMERICA**

vs.

**BRUNELLA ZUPPONE, and
JOHN JAMES PETERSON,**

        **Defendants.**
_____/

**GOVERNMENT'S RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.    1.    A copy of any written or recorded statements made by the defendants, and

        2.    That portion of the written record containing the substance of any oral statement made by the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent are attached.

             Although not required by Fed.R.Crim.P. 16, the Standing Discovery Order or Local Rule 88.10, the government is voluntarily providing reports of witness interviews that do not constitute Jencks materials. The government is also voluntarily providing some early Jencks materials. All other Jencks materials will be provided at trial, in accordance with the Rules.

             Wherever the words "are/is attached" are used in this discovery response, they mean that the discovery materials have been provided to the defendants' counsel and/or are available for inspection and copying.

        3.    The defendants charged in this case did not testify before the Grand Jury.

1

       4.     The NCIC records of the defendants are attached.

       5.     Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendants are included in the attachments to this response. A discovery conference where other physical evidence, such as computer and electronic evidence, will be available for inspection at the HSI office may be arranged upon defense request. Please contact the undersigned to make arrangements for such a discovery conference at a time and date that are mutually convenient.

The attachments to this discovery response are not necessarily copies of all the books, papers, physical evidence, documents, etc., that the government may intend to introduce at trial.

B.     DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.     Any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), in the government's possession is attached.

D.     The government has made no payments, promises of immunity, leniency, preferential treatment, or other inducements to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.     The government has no records of any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.     An identification procedure of the defendants was not conducted in this case.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the defendants of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). Defendants are hereby on notice that all evidence made available

to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

In addition, the government may introduce under Rule 404(b) evidence underlying the defendants' past criminal activities that have not resulted in arrests and/or convictions and which are summarized in the attached reports and materials. Specifically, the government may introduce evidence concerning the defendants' involvement in other export control violations, such as illegally exporting defense articles without a license to Argentina and Brazil and making false statements to federal agents.

I. The defendants are not aggrieved persons, as defined in Title 18, United States Code, Section 2510(11), of electronic surveillance.

J. The Grand Jury testimony of any witness who testified before the Grand Jury and who will testify for the government at the trial of this cause will be provided to the defense in accordance with the Rules and the Jencks Act.

K. No controlled substance is involved in this case.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

Notwithstanding this lack of a defense request, at this time notice is given to the defendant that the government intends to call qualified experts from the U.S. Department of State listed in the licensing determinations and license history checks attached to testify about export control laws and regulations requiring licensing of defense articles. Pursuant to section A.6, above, a copy of the expert reports are attached. These reports constitute summaries of expert testimony pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. CVs will be provided as they become available.

Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at

3

        trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O.        The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.        At the discovery conferences to be scheduled pursuant to Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate dates, and place of the offense was:

        Dates: various dates listed in the indictment.
        Place: various places including Miami, Pompano Beach and Bradenton, Florida as per the indictment. The locations of the offenses are evident from the documents and evidence provided with this discovery response.

The attachments to this response consist of: one DVD-R, which in turn contain subpoena returns, agency reports, video and audio recordings and other documentary evidence. The contents of the DVD-R are in both searchable pdf files, which are Bates numbered 0001- 00501, and also in "native" files which include some Excel spreadsheets and audio/video recordings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  *s/ Ricardo A. Del Toro*
     RICARDO A. DEL TORO
     Assistant United States Attorney
     National Security Section
     Florida Bar No. 0957585
     99 Northeast 4th Street
     Miami, Florida 33132-2111
     Tel: (305) 961-9182
     Fax: (305) 536-4675
     "Ricardo.Del.Toro@usdoj.gov"

cc:   SA Elvis Corrales, HSI

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed by CM/ECF on July 29, 2019.   A copy of the discovery materials listed above was sent on the same date to:

Bunmi Lomax, Esq.
Asst. Fed. Public Defender
Counsel for John James Peterson
150 West Flagler Street
Suite 1700
Miami, Florida 33130-1556, and

William Barzee, Esq.
Counsel for Brunella Zuppone
40 NW 3rd Street, PH1
Miami, Florida 33128.

                                        *s/ Ricardo A. Del Toro*
                                        RICARDO A. DEL TORO
                                        Assistant United States Attorney